UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

KORTEZ DAYVONE HOWARD,
ADC #156622                                                                                    PLAINTIFF

V.                               2:15CV00084 KGB/JTR

MIXSON, Nurse,
East Arkansas Regional Unit, ADC                                            DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff, Kortez Dayvone Howard, is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction. He has filed this a *pro se* § 1983 action alleging that Defendant Nurse Mixson failed to provide him with

constitutionally adequate medical care for depression. *Docs. 1 & 4*. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

To plead a viable inadequate medical care claim under the Eighth Amendment, a prisoner must allege facts suggesting that: (1) he had an objectively serious medical need; and (2) the defendant subjectively knew of, but deliberately disregarded, that serious medical need. *Estelle v. Gamble,* 429 U.S. 97 (1976); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Importantly, it is well settled that negligence and even gross negligence do not constitute deliberate indifference. *Langford,* 614 F.3d at 460; *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). Instead, to establish deliberate indifference, a prisoner must allege facts suggesting that the defendant had "actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

F.3d 1290, 1291 (8th Cir. 1998).

Plaintiff alleges that, on February 20, 2105, Defendant Nurse Mixson failed to provide him with a *single dose* of Paxil, which is an anti-depressent. *Doc. 1 & 4.* Importantly, Plaintiff does *not* allege any facts suggesting that he was objectively harmed by missing a single dose of that medication, or that Defendant Nurse Mixson was subjectively and deliberately indifferent to the risk that he might be harmed by missing a single dose. Accordingly, Plaintiff has failed to plead a viable inadequate medical care claim under the Eighth Amendment.[2] *See Hines v. Anderson,* 547 F.3d 915, 920-21(8th Cir. 2008) (holding that the occasional failure to give a prisoner prescribed medications did not constitute deliberate indifference); *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805 (8th Cir. 2000) (same); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993) (finding that a month-long delay in refilling a pretrial detainee's anti-depressant prescription was not a constitutional violation).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state

---

[2]Although it is unclear, it appears that Plaintiff also may be raising a medical malpractice claim *under state law*. This federal court does not have diversity jurisdiction to hear that state law claim because both Plaintiff and Defendant Mixson are Arkansas residents. *See* 28 U.S.C. § 1332; *Northport Health Servs. of Ark, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). Similarly, in the absence of a viable federal cause of action, this court does not have supplemental jurisdiction to resolve Plaintiff's state law claim. *See* 28 U.S.C. § 1367(c)(3); *Gibson,* 431 F.3d at 342.

a claim upon which relief may be granted.

2. The dismissal of this action count as a "STRIKE," as defined by 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 2nd day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE